IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Case No. 07 CV 965

| | |
|---|---|
| FATBOY USA, LLC, | : |
| Plaintiff, | : |
| v. | : COMPLAINT |
| PIETER SCHAT, SCHAT IMPORT AGENCIES, INC. and SITTING BULL, | : |
| Defendants. | : |

_____

Plaintiff, complaining of defendants, through its undersigned counsel, hereby alleges as follows:

## NATURE OF THE CASE AND JURISDICTION

1. This action involves violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030, the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §66-152, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1, et. seq., wrongful interference with prospective contract and business relations. These counts are grounded upon unauthorized access to plaintiff's computer system by certain defendants, and the misappropriation of plaintiff's proprietary and confidential business information by certain defendants at the behest of and for the benefit of other defendants.

2. The Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and over the state-law claims pursuant to 28 U.S.C. § 1367 in that the state law claims arise from

a common nucleus of operative facts as the federal claims and form the same case or controversy.

3.     The Court also has jurisdiction over the action pursuant to 28 U.S.C. §1332 in that the parties are completely diverse, plaintiff being a citizen of the states of North Carolina and Texas, and defendants being citizens of Ontario, Canada and Germany and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 391.

**The Parties**

5.     Plaintiff Fatboy USA, LLC ("Fatboy") is a limited liability company registered under the laws of the State of North Carolina having its principal place of business at 875 West Sandy Lake Road, Suite 100, Coppell, TX 75019.

6.     Defendant Pieter Schat ("P. Schat") is a citizen and resident of Toronto, Ontario, Canada. Defendant P. Schat is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

7.     Defendant Schat Import Agencies, Inc. ("Schat Import") is a corporation organized and existing under the laws of Ontario, Canada, having its principal place of business at 299 Glenlake Avenue, Apt. 2601, Toronto, Ontario, Canada.  Defendant Schat Import Agencies, Inc. is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.  Defendants Pieter Schat and Schat Import Agencies, Inc. are sometimes collectively referred to herein as "Schat."

8.     Defendant Sitting Bull is, upon information and belief, a corporation organized and existing under the laws of Germay, whose full corporate name is at this time unknown, having its principal place of business at an address unknown in Germany.  Defendant Sitting Bull

2

is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

**The Fatboy Business And Trade Secrets**

9. Fatboy is one of the leading designers, manufacturers and distributors of designer beanbags and related products in the world. Its world famous FATBOY beanbag chair was first designed by Jukka Setala of Finland in 1998 as the beanbag chair of the 21st Century. Fatboy's products are well regarded throughout the United States and the world for their high-quality and unique designs.

10. From the period May 2005 through June 2007, Fatboy used a distribution facility located in High Point, North Carolina run by Schat. In the summer of 2007, these facilities were moved to the new U.S. headquarters for Fatboy located in Texas.

11. As part of its business, Fatboy maintains a computer list of some 400 customers, including their names, information and contact information (the "Fatboy Customer List"). Such list is not readily ascertainable by competitors in the industry, but to the contrary, was compiled over an extensive period of time by Fatboy through operation of its business and extensive efforts to promote same by its sales force.

12. The Fatboy Customer List represents and creates actual commercial value to Fatboy from not being known or generally ascertainable to others in the industry.

13. In addition, the same computer database that contains the Fatboy Customer List also contains confidential pricing information about Fatboy's business and dealings with its suppliers and customers. Such pricing information (the "Fatboy Pricing Information") likewise

3

represents and creates actual commercial value to Fatboy from not being known or generally ascertainable to others in the industry.

14. Fatboy took reasonable steps to maintain the secrecy of the Fatboy Customer List and the "Fatboy Pricing Information," including restricting access to its computer database to only certain employees who were provided with a computer passcode to the software that contains such information.

**Employment of Pieter Schat and Schat Import**

15. From the period May 2005 through June 2007, Fatboy employed Pieter Schat and Schat Import to run production and operations for Fatboy out of Defendants' facility located in High Point, North Carolina. However, these defendants were not responsible for contact with Fatboy's customers nor their buyers.

**Schat's Misappropriation Of The Fatboy Customer List**

16. Upon information and belief, at or about the time of the closing of the Fatboy North Carolina facility, Schat, without business justification or need, improperly accessed the computer system at Fatboy and gained access to the Fatboy Customer List and the Fatboy Pricing Information and the information contained therein. Such access was not for the purpose of servicing Fatboy's business, but was to extract information for other uses – including to compete with Fatboy.

17. Schat knew or should have known that such compilations of information contained confidential trade secrets of Fatboy.

4

18. Schat thereby acquired and misappropriated the Fatboy Customer List and the Fatboy Pricing Information and then disclosed same to defendant Sitting Bull. Upon further information and belief, such lists were used by Schat and/or by others in the furtherance of Sitting Bull's business and to act in competition with Fatboy.

19. Upon further information and belief, Schat acted at all times as the agent of, at the behest of, and with the knowledge of defendant Sitting Bull.

20. The actions described hereinabove were taken without the consent or authority of Fatboy.

21. Such misappropriation was done in bad faith, with malice, and was willful and wanton misconduct taken for the purpose of appropriating Fatboy's confidential information and using same for the benefit of defendants.

**22.** Fatboy has been damaged and will continued to be damaged by such actions in an amount presently unknown, but in any event in excess of $75,000.

## COUNT I

### Computer Fraud and Abuse Act
### 18 U.S.C. § 1030

23. Fatboy repeats and reincorporates the allegations contained in the foregoing paragraphs as though set forth fully herein.

24. Defendants have violated the Computer Fraud And Abuse Act, 18 U.S.C. § 1030, specifically subsection (5) thereof, by intentionally accessing a protected computer without authorization, and as a result of such conduct causing damage, including causing losses to Fatboy during any one year period aggregating at least $5,000 in value.

5

25. Fatboy has suffered damages and loss, including irreparable harm, as a result of the violations of the Computer Fraud And Abuse Act by Defendants in an amount presently unknown, but in any event in excess of $75,000.

## COUNT II

### Misappropriation Of Trade Secrets
### N.C. Gen. Stat. 66-152

26. Fatboy repeats and reincorporates the allegations contained in the foregoing paragraphs as though set forth fully herein.

27. Defendants have violated the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. 66-152 by misappropriating, acquiring, disclosing and using Fatboy's trade secrets identified herein, including use of same in direct competition with Fatboy.

28. Fatboy has suffered damages and loss, including irreparable harm, as a result of such the violations in an amount presently unknown, but in any event in excess of $75,000.

## COUNT III

### Tortious Interference With Business Relations

29. Fatboy repeats and reincorporates the allegations contained in the foregoing paragraphs as though set forth fully herein.

30. Fatboy had valid and subsisting business relationships with numerous customers developed over many years.

31. Fatboy had a reasonable expectation of continuing to do business with these customers on terms substantially similar to the terms under which it did business in the past.

32. Schat was aware of the business relationship of Fatboy with its customers, yet set out to maliciously and willfully and wantonly induce Fatboy's customers to cease doing business with Fatboy in favor of Sitting Bull.

33. Additionally, Sitting Bull knew of Schat's relationship with Fatboy, and did business with Fatboy's customers by unjustifiably and unfairly using information as a product of Schat's misappropriation of trade secrets.

34. The actions of Schat, and of all defendants, were taken without business justification.

35. As a result of defendants' foregoing conduct, Fatboy has suffered actual damages in an amount to be determined at trial, but in any event in excess of $75,000. Furthermore, the acts of Schat were willful and malicious and entitle Fatboy to punitive damages.

## COUNT IV

### Unfair and Deceptive Trade Practices/Unfair Competition

36. Fatboy repeats and reincorporates the allegations contained in the foregoing paragraphs as though set forth fully herein.

37. The actions of all defendants acting individually and jointly, constitute unfair and deceptive trade practices affecting commerce and causing injury to the business and property of Fatboy in violation of N.C. Gen. Stat. § 75-1.1, et seq. Additionally, the actions of Mr. Schat constitute egregious activities outside the scope of his duties with Fatboy, and since his termination of the relationship with Fatboy constitutes the activities of a competitor of Fatboy. As a result of the foregoing conduct by all defendants, Fatboy has suffered actual damages in an amount to be determined at trial, but reasonably believed to be in excess of $75,000.

7

**WHEREFORE**, Plaintiffs pray that the Court issue the following relief:

1. A permanent injunction against defendants, or any of defendants' agents and employees from further acquisition, disclosure or use of any of Fatboy's trade secrets identified herein, an order requiring return or destruction of all copies of such confidential information, and an injunction against any sales by defendants to any of the customers on the Fatboy Customer List for a period of time to be set by the Court;

2. Enter judgment in favor of Fatboy and against Mr. Schat on each of Fatboy's claims;

3. Enter judgment in favor of Fatboy and against Sitting Bull on each of Fatboy's claims;

4. Award Fatboy damages it proves at trial, plus interest, against all defendants;

5. Mandate that the damages of Fatboy be trebled pursuant to N.C. Gen. Stat. § 75-16;

6. Award punitive damages against Schat pursuant to N.C. Gen. Stat. § 1D-15;

7. Award punitive damages against all defendants pursuant to N.C. Gen. Stat. § 66-152(c);

8. Award attorney's fees and costs as provided by N.C. Gen. Stat. § 75-16.1 and N.C. Gen. Stat. § 66-154(d), or other applicable law;

9. Provide a jury trial of all issues so triable;

10. Such other relief as the Court deems just and equitable.

This the ____ day of December, 2007.

/s/ Milton Springut
Milton Springut, Esq.
Co-Counsel for Plaintiffs
Kalow & Springut, LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 813-1600
Facsimile: (212) 813-9600
Email: ms@creativity-law.com

/s/ Tal S. Benschar
Tal S. Benschar, Esq.
Co-Counsel for Plaintiffs
Kalow & Springut, LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 813-1600
Facsimile: (212) 813-9600
Email: ms@creativity-law.com

/s/Stanley F. Hammer
Stanley F. Hammer (N.C.S.B. No. 12421)
Co-Counsel for Plaintiffs
Wyatt Early Harris & Wheeler, L.L.P.
P.O. Drawer 2086
High Point, NC 27261-2086
Telephone: (336) 884-4444
Facsimile: (336) 884-1102
E-mail: shammer@wehwlaw.com

9